**In the Matter of Fred C. TONTY, t/a Superior Heating Company, Debtor.**

**Bankruptcy No. 79–254 E.**

United States Bankruptcy Court,
W.D. Pennsylvania.

June 24, 1985.

Ronald T. Heiman, Sharon, Pa., for debtor.

Henry S. Moore, Grove City, Pa., trustee.

William T. Bodoh, Youngstown, Ohio, for Honeywell, Inc.

## MEMORANDUM AND ORDER DISMISSING APPLICATION TO REOPEN CLOSED CASE

WM. B. WASHABAUGH, Jr., Bankruptcy Judge,

This matter is before us on application of the debtor to reopen the case which was closed December 19, 1980, for the purpose of adding creditors to his schedules in such manner as to have their claims affected by his discharge in bankruptcy which was granted February 27, 1980.

The bankruptcy petition was filed September 29, 1979, and prior thereto in May of 1976 the debtor installed a furnace at the home of one Paul E. O'Brien. On March 23, 1981, Paul E. O'Brien's mother-in-law and three minor children died due to carbon monoxide poisoning, and the debtor desires to add Paul E. O'Brien, his mother-in-law, Honeywell, Inc., and others as creditors to be affected by the aforesaid discharge, he having received a summons in an action of Paul E. O'Brien for wrongful death as administrator of the estates of his minor children, and he desires to add the various claimants for wrongful death damages by reason of his alleged defective installation of the furnace in May of 1976.

There is no action for damages due to a wrongful death at common law, and the statutory law of Ohio provides that such cause of action arises only on the death of the decedent and not before. As the deaths occurred March 23, 1981 after the filing of the petition in the case September 29, 1979, the matter is squarely within the ruling of the Third Circuit Court of Appeals in *In the Matter of Frenville Co.*

*Inc.* 744 F.2d 332 (3d Cir.1984) in which Judge Adams ruled that the automatic stay provisions of 11 U.S.C. § 362(a)(1) do not apply to cases based on acts of a debtor that occurred before the filing of the bankruptcy petition unless the cause of action and right to payment of the damages stemming from the debtor's acts are also completed prior thereto.

The right to payment of damages was not complete until the deaths of the decedents and the filing of the wrongful death suit.

Section 362(a)(1) of the Code enjoins

"the commencement or continuation of any action that was or could have been commenced before the commencement of the (bankruptcy) case"

and the statutory action for wrongful death did not come into being until after the post-petition deaths of the decedents. Accordingly, neither Paul E. O'Brien, Honeywell, Inc. or any other person or entity sought to be added to the debtor's schedules was an

"entity that has a claim against the debtor that arose at the time of or before the order of relief"

under the definition prescribed by 11 U.S.C. § 101(9) and Judge Adams' interesting discussion in *Frenville Co. Inc., et al.,* supra.

It is ORDERED, ADJUDGED and DECREED for the foregoing reasons that the application of the debtor to reopen the within case to amend his schedules by adding additional creditors thereto be, and the same hereby is dismissed and denied.